No. 4590.

Court of Appeal, Parish of Orleans.

## LOUIS DUFFAUT VS. NICHOLAS GHERNASICK.

1. All debts bear interest at the rate of five per cent per annum from the time they become due unless otherwise stipulated in writing.
2. Testimonial proof of it is not admitted in any case.
3. Where the evidence does not show the date when the debt became due, interest from judicial demand only will be allowed.
4. A debtor cannot repudiate a contract of which he retains the fruit.

Appeal from Civil District Court, Division "B."

Legier & Gleason, for Plaintiff and Appellee.

Titche & Rogers, for Defendant and Appellant.

MOORE, J. Defendant was sued on an open account running from July 1, 1904, to August 4, 1905, and showing a principal sum due of $197.79, and an aggregate sum of $31.90, computed as interest at the rate of eight per cent per annum on each item of the account from their respective dates to February 1, 1908, less a credit of $15.00 paid on account June 17, 1907.

A judgment by default having been confirmed against him for $214.70 with legal interest thereon from judicial demand, he appealed therefrom.

His contention here is that the account has not been proven in any particular and especially as to the items of interest, and that in no event can plaintiff recover forasmuch as the latter is admittedly doing business in a partnership name when no partnership exists and which is in defiance to Section 2668 and 2669 Rev. Stat.

The evidence, which is in writing, conclusively establishes the correctness of the account sued on, so far as concerns the principal thereof, which is shown to be for goods and merchandise sold and delivered to defendant, and not paid for.

The item of interest as charged is not proven. The rate charged is eight per cent and there is no written proof of agreement to pay this rate. Testimonial proof of it is not admitted in any case. C. C. Art. 2924.

In the absence of such stipulation all debts bear interest at

the rate of five per cent from the time they become due (C. C. Art. 1938), but as there is no proof in the record in the instant case as to the time when each particular item of purchase became due, interest at the legal rate is allowed on the total amount due, from judicial demand.

There is no merit whatever in the contention that plaintiff cannot recover because of his using a partnership name when no partnership in fact exists. A party who deals with an offender under the provision of the statute cited, cannot be allowed to repudiate a contract which he entered into with the offending party whilst he still retains the fruits of that contract. Kent vs. Majoiner, 36 A. 259; Miller vs. Creditors, 37 A. 604.

The judgment appealed from should have been for $197.99, with legal interest from judicial demand until paid, subject to a credit of $15.00 and legal interest thereon from June 17, 1907, and to this effect it will be amended.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby amended by reducing the same to the sum of one hundred and ninety-seven and 79-100 ($197.79) dollars with five per cent per annum interest thereon from judicial demand until paid, less the sum of fifteen dollars and legal interest thereon from June 17, 1907, and as thus amended the judgment is affirmed. The cost of appeal to be taxed against the plaintiff and appellee.